IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

YVETTE DANIELS, et al.,

    Plaintiffs,               No. CIV S-10-0003 MCE DAD

    v.

CALIFORNIA DEPARTMENT
OF CORRECTIONS AND
REHABILITATION,
                                        ORDER

    Defendant.

_____/

        This matter initially came before the court on July 15, 2011, for hearing on plaintiffs' motion to compel further responses to interrogatories and document production requests. Jeshawna R. Harrell, Esq. appeared for plaintiffs, and Jill H. Talley, Esq. appeared for defendant.

        At the hearing on July 15, 2011, the undersigned identified two issues to be resolved: (1) whether defendant should be compelled to identify the number of female correctional officers who came into contact with inmates at specified institutions in 2007 and 2008, and (2) whether defendant should be compelled to undertake a hand search of inmates' central files to find reports written from 2007 to the present regarding inmates' display of sexually explicit materials to female correctional officers. The first issue was resolved by

defendant's stipulation that defendant will not argue that the numbers of female correctional officers who came into contact with inmates at the specified institutions in 2007 and 2008 were significantly fewer than the numbers for 2009, 2010, and 2011.  The hearing was continued to July 29, 2011, to permit counsel to meet and confer further regarding the second issue.

On July 29, 2011, the case came before the court for disposition of the remaining issue.  Jeshawna R. Harrell, Esq. appeared telephonically for plaintiffs, and Jill H. Talley, Esq. appeared in court for defendant   After hearing argument, and for the reasons set forth on the record, the undersigned found that plaintiffs had not met their burden of demonstrating that the discovery sought was likely to produce persuasive information substantiating the class allegations and denied plaintiffs' motion to compel defendant to serve further responses to the interrogatories and requests for production of documents at issue.  See Doninger v. Pacific Northwest Bell, Inc., 564 F.2d 1304, 1313 (9th Cir. 1977); Soto v. Castlerock Farming and Transport, Inc., et al., No. 1:09-cv-00701 AWI JLT, 2011 WL 2680839, at *3 (E.D. Cal. July 8, 2011).[1]

Accordingly, IT IS HEREBY ORDERED that plaintiffs' motion to compel (Doc. No. 19) is denied.

DATED: July 29, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1/orders.civil/daniels0003.mtc.oah.072911

---

[1] As indicated at the hearing, this order is without prejudice to plaintiffs' propounding new discovery requests with respect to which they could satisfy their burden should a motion to compel become necessary.