UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

YVETTE DANIELS, MARIA AGUILAR and KAREN CURRIE, individually and on behalf of all persons similarly situated,

    Plaintiffs,

v.

CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,

    Defendants.

No. 2:10-cv-00003-MCE-AC

**ORDER**

In bringing the present motion, Plaintiffs seek to modify the Amended Pretrial Scheduling Order ("PTSO") issued in this matter on April 16, 2012. Plaintiffs' counsel seek to extend the deadline for completion of fact discovery by approximately two months, from February 1, 2013 to March 29, 2013. Counsel allege they need that extra time due to recent events beyond their control. For the reasons set forth below, Plaintiffs' motion will be granted.[1]

---

[1] Because oral argument was not of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local Rule 230(g).

1

Once a district court has filed a PTSO pursuant to Federal Rule of Civil Procedure 16,[2] that Rule's standards control. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992). Prior to the final pretrial conference, which in this case is set for September 19, 2013, the court may modify a status order upon a showing of "good cause." See Fed. R. Civ. P. 16(b).

"Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Johnson, 975 F.2d at 609. In explaining this standard, the Ninth Circuit has stated that:

> [a] district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.' Moreover, carelessness is not compatible with a finding of diligence and offers no reason for granting of relief. Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end.

Id. (citations omitted).

In the present matter, Plaintiffs' counsel, Pamela Price, asserts that although substantial written discovery has been propounded, a series of events beginning in the summer of 2012 has made it difficult to complete discovery by January 14, 2013. According to Ms. Price, those intervening events constitute the requisite good cause for modifying the PTSO.

After completing a trial in state court on July 25, 2012, that lasted nearly six weeks, Ms. Price states that she took a pre-planned vacation out of the country for two weeks. Almost immediately after returning from that trip in early August, Ms. Price's father died unexpectedly on August 14, 2002.

///

---

[2] Unless otherwise stated, all references to "Rule" or "Rules" refer to the Federal Rules of Civil Procedure.

2

1  According to Ms. Price, the need to help her elderly mother with the resulting transition
2  process caused her to be unable to work for several months.  Decl. of Pamela Price, ¶ 4.
3  This caused Ms. Price's office to request continuances and extensions on most of her
4  cases.  Id. at ¶ 5.
5       At virtually the same period of time. Ms. Price goes on to assert that substantial
6  demands were placed on the time of her co-counsel, John Burris.  She indicates
7  Mr. Burris was responsible for the organization and filing of a mass tort action against
8  Chevron in the wake of a fire and explosion that occurred on August 6, 2012, in
9  Richmond, California.  She also indicates that Mr. Burris was concurrently involved in
10 federal court hearings pertaining to whether or not the Oakland Police Department
11 should be placed in receivership.
12      In early January of 2013, Pamela Price states she asked defense counsel Jill
13 Talley to stipulate to a modification of the PTSO that would give her more time to
14 complete the remaining ten depositions in this case.  Although Ms. Talley agreed to
15 extend the discovery cut-off for purposes of those ten depositions only, she declined to
16 otherwise extend the deadline.
17      The Court agrees with Plaintiffs' counsel that the events outlined above occurred
18 because of unanticipated events that could not reasonably have been foreseen.
19 Therefore the Court believes that the circumstances herein fall within the definition of
20 "good cause" necessary to amend the PTSO under the Ninth Circuit's Johnson decision,
21 supra.  There is no indication here that counsel were anything other than diligent.
22 Consequently, the Court concludes, particularly given the relatively brief two-month
23 extension sought and the fact that it will not impact any other dates in this matter,
24 including the January 13, 2014 trial date, that the requested extension should be
25 granted.
26 ///
27 ///
28 ///

Plaintiffs' Motion to Modify the Pretrial Scheduling Order (ECF No. 43) is accordingly GRANTED. The deadline for completing discovery is hereby extended from February 1, 2013 to March 29, 2013.

IT IS SO ORDERED.

Dated: March 8, 2013

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT JUDGE